**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **McGARRETT BERNARD LAWSON,** | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO.  5:05-CV-259 (WDO) |
| | : | |
| | : | |
| **THOMAS LORD, JAMES BERGMAN,** | : | |
| **HOUSTON COUNTY D.F.C., STATE** | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **PAROLE BOARD,** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

## ORDER AND RECOMMENDATION OF DISMISSAL

Plaintiff McGARRETT BERNARD LAWSON filed the above-captioned pro se civil rights complaint under 42 U.S.C. § 1983.  He also seeks leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  As it appears plaintiff is unable to pay the cost of commencing this action, the request to proceed *in forma pauperis* is **GRANTED**.

### I.  STANDARD OF REVIEW

#### A.  28. U.S.C. § 1915(e)(2)

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

1

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a  § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff LAWSON alleges in his complaint that he is being wrongly detained for allegedly violating his parole. He states that he was arrested upon reporting to his parole officer. Plaintiff states that he attempted to explain his situation to his parole officer to no avail. He seeks $75,000.00 in damages for false imprisonment and cruel and unusual punishment.

## III.  DISCUSSION

To the extent plaintiff seeks release from the Houston County Detention Center, he attacks the legality of his present confinement.  Claims attacking the legality of a conviction and sentence must be presented in a petition for writ of habeas corpus.  *See Preiser v. Rodriguez,* 411 U.S. 475, 499 n. 14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

When a Section 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.  In the present case, plaintiff's allegation of false imprisonment, if proved, would invalidate his state criminal proceedings.  Thus, a § 1983 claim on plaintiff's allegations does not accrue until his conviction or sentence has been invalidated.  *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995). Plaintiff has not demonstrated that his conviction or sentence has been invalidated in any of the forms outlined in *Heck*.  Thus, plaintiff's  § 1983 claim has not yet accrued and must be dismissed as premature.  *Abella*.

Accordingly, **IT IS RECOMMENDED** that plaintiff's § 1983 claim for damages be **DISMISSED** *without prejudice* to his right to re-file his lawsuit if and when a final disposition of the state criminal proceedings against him should be resolved in his favor on appeal or by any other proceeding as set forth in *Heck*.

Pursuant to 28 U.S.C. §636(b)(1), plaintiff LAWSON may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd  day of AUGUST, 2005.[1]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Plaintiff also requests appointment of legal counsel.  Tabs #4 and  #7.  In light of the foregoing recommendation, these motions are DENIED.  In the event this recommendation is not accepted, the undersigned will reconsider plaintiff's request without the necessity of his resubmitting his motion.

4